IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| STEPHEN M. MARTIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:05CV00063 |
| | ) | 1:05CV00462 |
| SENN DUNN MARSH | ) | 1:05CV01128 |
| & ROLAND LLC, | ) | 1:06CV00437 |
| | ) | |
| Defendant. | ) | |

ORDER

This case involves four consolidated lawsuits by Plaintiff Stephen M. Martin ("Plaintiff") related to his former employment with Defendant Senn Dunn Marsh & Roland LLC ("Defendant"). This matter is presently before the Court on Defendant's Motion to Dismiss certain claims in Case Number 1:05CV462 [Document #11] and Defendant's Motion to Dismiss allegedly duplicative claims in Case Number 1:05CV1128 [Document #10]. For the reasons discussed below, Defendant's Motion to Dismiss in Case Number 1:05CV462 will be granted in part and denied in part, and Defendant's Motion to Dismiss in 1:05CV1128 will be denied. In addition, having addressed these pending motions, the Court concludes that discovery should now proceed in these consolidated cases (1:05CV00063, 1:05CV00462, 1:05CV01128, and 1:06CV00437).

I.   FACTUAL BACKGROUND

Plaintiff was previously employed by Defendant as an insurance agent. Plaintiff contends that as an employee, pursuant to his compensation arrangement with Defendant, he was entitled

to receive a percentage of the commissions earned on the policies he produced. On May 26, 2004, several years after beginning employment with Defendant, and while he was still employed there, Plaintiff filed an internal grievance complaining of age discrimination. Plaintiff subsequently filed an EEOC Charge against Defendant on June 28, 2004 for Age Discrimination ("the first EEOC Charge"), contending that accounts were reassigned away from him or were not referred to him based on his age. Plaintiff filed his first lawsuit on this charge in state court on January 4, 2005, which was removed to this Court and is designated as Case Number 1:05CV63 ("the first lawsuit"), alleging intentional discrimination, as well as retaliation based on increased "mistreatment" after he filed his grievance and his first EEOC Charge. Plaintiff subsequently agreed that his retaliation claims in this first lawsuit were properly limited to claims for retaliation that occurred after he filed his first EEOC Charge.

On January 6, 2005, two days after the lawsuit was filed on the first EEOC Charge, Plaintiff filed his second EEOC Charge, this one alleging retaliation by Defendant ("the second EEOC Charge"). An EEOC mediation was held on April 6, 2005, addressing the issues in both cases. A settlement was purportedly reached and a Settlement Agreement signed on April 6, 2005. As a part of the Agreement, Plaintiff resigned his employment with Defendant. However, a dispute arose regarding the terms of the Agreement, and the Agreement was ultimately vacated by this Court because critical terms were ambiguous and there was no shared intent or meeting of the minds with respect to the ambiguous terms.

As part of the dispute regarding the Settlement Agreement, Plaintiff filed a second lawsuit

in state court, which was removed to this Court and is designated as Case Number 1:05CV462 ("the second lawsuit"), seeking to recover commissions and benefits to which he believes he is entitled pursuant to the North Carolina Wage and Hour Act. Plaintiff subsequently filed an Amended Complaint adding an additional claim for breach of contract as part of this second lawsuit.

While these two prior lawsuits were pending, Plaintiff received a "right-to-sue" letter with respect to his second EEOC Charge for retaliation, and Plaintiff subsequently filed a third lawsuit in state court, which was removed to this Court and is designated as Case Number 1:05CV01128 ("the third lawsuit"). This third lawsuit alleges that Defendant retaliated against Plaintiff after he filed an internal grievance and his first EEOC Charge. The third lawsuit alleges that Defendant engaged in "greater and more obvious mistreatment of [P]laintiff" following his internal grievance, and also alleges that Defendant engaged in "even greater and more obvious mistreatment of [P]laintiff" following his filing of his first EEOC Charge, including not communicating with him, not providing him with "leads" that were previously provided, and taking away his administrative assistant. Defendant has moved to dismiss the retaliation claims in the third lawsuit, which it contends are duplicative of the retaliation claims that were brought in the first lawsuit.

Plaintiff subsequently filed a third EEOC Charge related to Defendant's refusal to reinstate him after he resigned ("the third EEOC Charge"). After receiving a right-to-sue letter with respect to this third EEOC Charge, Plaintiff filed his fourth lawsuit in state court, which

was removed to this Court and is designated as Case Number 1:06CV437 ("the fourth lawsuit"). In his fourth lawsuit, Plaintiff alleges that he resigned his employment with Defendant pursuant to the terms of the purported Settlement Agreement, and that after that Settlement Agreement was vacated, he asked to be reinstated and was refused. Plaintiff alleges that Defendant's refusal to reinstate him was intentional discrimination motivated by Plaintiff's age, and was retaliation against Plaintiff for his prior age discrimination claims.

For ease of reference, the Court notes that Plaintiff's claims are divided among his various lawsuits as follows:

First Lawsuit:
Case No. 1:05CV63      (1)    Claim for Age Discrimination in account reassignments and referrals (raised in first EEOC Charge)
                                  (2)    Claim for Retaliation for increased "mistreatment" after filing of first EEOC Charge

Second Lawsuit:
Case No. 1:05CV462     (1)    Claim for Violations of N.C. Wage and Hour Act for failure to pay commissions due
                                  (2)    Claim for Breach of Contract for failure to pay commissions due

Third Lawsuit:
Case No. 1:05CV1128    (1)    Claim for Retaliation for increased mistreatment following filing of internal grievance and filing of first EEOC Charge (raised in second EEOC Charge)

Fourth Lawsuit:
Case No. 1:06CV437     (1)    Claim for Wrongful Termination or Failure to Reinstate motivated by Age Discrimination and Retaliation (raised in third EEOC Charge)

All of these claims have been consolidated for discovery and trial, and have been stayed

4

pending the Court's ruling on the pending Motions to Dismiss. The Court will address below the pending Motions to Dismiss in turn.

II.     MOTIONS TO DISMISS

   A.     Partial Motion to Dismiss in Case Number 1:05CV462

Defendant has filed a Partial Motion to Dismiss [Document #11] in the second lawsuit, Case Number 1:05CV462. In that second lawsuit, Plaintiff originally brought claims for unpaid commissions and benefits pursuant to the North Carolina Wage and Hour Act, N.C. Gen. Stat. §§ 95-25.1 *et seq*. Defendant filed its Motion to Dismiss seeking dismissal of Plaintiff's Wage and Hour Act claims, based on its contention that Plaintiff was asserting claims for future wages not yet earned, which are not recoverable under the Wage and Hour Act. In response, Plaintiff filed an Amended Complaint adding a claim for breach of contract, based on his contention that he was entitled to recover certain unpaid commissions based on his contractual arrangement with Defendant. Plaintiff has also filed a response clarifying that the commissions he seeks to recover are those based on his past sales, consistent with the alleged agreement of the parties.

The Court has reviewed Defendant's Motion to Dismiss with respect to Plaintiff's Wage and Hour Act claims, particularly in light of Plaintiff's allegation that pursuant to his contractual arrangement with Defendant he was entitled to receive certain ongoing commissions for work he had already performed while he was employed by Defendant. In light of these allegations, the Court concludes that to the extent Plaintiff claims that he was entitled to commissions for work he had already performed under the terms of his employment arrangement with Defendant,

5

Plaintiff has stated a potential claim under the North Carolina Wage and Hour Act. See N.C. Gen. Stat. §§ 95-25.2(16), 95-25.6, 95-25.7. Therefore, Defendant's Motion to Dismiss those claims will be denied.[1]

Defendant in its partial Motion to Dismiss in the second lawsuit also seeks to dismiss any purported claim or claims for "wrongful termination" to the extent the Complaint in the second lawsuit could be construed as bringing such a claim. In his Complaint in the second lawsuit, Plaintiff refers to his "wrongful termination," but does not specifically plead a claim for wrongful termination under state law and does not specify any public policy that he alleges was violated. Cf. Gottesman v. J.H. Batten, Inc., 286 F. Supp. 2d 604, 615-16 (M.D.N.C. 2003). In addition, Plaintiff has not, in his Response or his Amended Complaint, attempted to address or clarify his purported claim for "wrongful termination" or attempted to state any separate claim for "wrongful termination." Instead, Plaintiff's Amended Complaint designates only two causes of action: (1) a claim for violation of the North Carolina Wage and Hour Act, and (2) a claim for breach of contract. Plaintiff subsequently filed his third EEOC Charge and ultimately filed his fourth lawsuit on the basis of the third EEOC Charge, alleging that Defendant's refusal to reinstate him was intentional discrimination motivated by Plaintiff's age, and was retaliation against Plaintiff for his prior age discrimination claims. Thus, Plaintiff has not attempted to establish any "wrongful termination" as part of the second lawsuit, but has now separately

---

[1] Defendant will, of course, be entitled to revisit this issue pursuant to a Motion for Summary Judgment if, after discovery, it appears that Plaintiff's claims are in fact for "future" wages as opposed to commissions due based on prior work and sales by Plaintiff.

brought claims in the fourth lawsuit for discrimination and retaliation in Defendant's refusal to reinstate him.

Under these circumstances, the Court concludes that Plaintiff's reference to "wrongful termination" in the second lawsuit, Case Number 1:05CV462, is not an attempt to state a separate "wrongful termination" claim under state law. Instead, Plaintiff in his second lawsuit seeks to recover for commissions he alleges were due for work already performed while he was employed by Defendant. In contrast, Plaintiff's claims related to his cessation of employment and Defendant's refusal to reinstate him were the subject of his third EEOC Charge and are brought as separate claims in the fourth lawsuit, Case Number 1:06CV437. However, the Court agrees that to the extent that the Complaint in the second lawsuit, Case Number 1:05CV462, could be construed as attempting to bring a claim for "wrongful termination," Plaintiff has failed to state any basis for that claim under state law as part of the second lawsuit. As such, Defendant's Motion to Dismiss any purported claim for "wrongful termination" in the second lawsuit [Document #11 in Case Number 1:05CV462] will be granted, and the purported claim for "wrongful termination" in the second lawsuit, Case Number 1:05CV462, will be dismissed. However, the Court notes that this ruling would not affect Plaintiff's separate claims in the fourth lawsuit related to Defendant's refusal to reinstate him.

B.   Motion to Dismiss "Duplicative" Claims in Case Number 1:05CV1128

Defendant has also filed a Motion to Dismiss in the third lawsuit, Case Number 1:05CV1128. In that third lawsuit, Plaintiff brings claims for retaliation which were raised with

7

the EEOC in the second EEOC Charge. In its Motion to Dismiss, Defendant seeks dismissal of those retaliation claims as "duplicative" of the retaliation claims in the first lawsuit. However, the Court notes that Defendant previously moved to dismiss some of the retaliation claims in the first lawsuit for failure to exhaust administrative remedies, and raised as its First Defense in its Answer in the first lawsuit its contention that Plaintiff had failed to exhaust his administrative remedies. Plaintiff therefore filed his second EEOC Charge for retaliation and then filed the third lawsuit with respect to those claims "[a]s a matter of prudence and to avoid the trap of having failed to exhaust administrative remedies." (Pl.'s Response Brief [Document #13]). The Court finds that this was a reasonable approach given Defendant's previous Motion to Dismiss and Affirmative Defense in the first lawsuit.

In addition, Plaintiff also notes that any problem with "duplicative" claims has been cured by this Court's Order consolidating all of these cases for discovery and trial. In this regard, the Court agrees that any risk to Defendant resulting from purported "duplicative" claims is eliminated by the consolidation of these cases, by which the Court can ensure that Plaintiff does not obtain a "double recovery" for claims that may have been raised in both the first and third lawsuits. In fact, in the case cited by Defendant in support of its Motion to Dismiss, the court there specifically noted that "courts faced with duplicative suits may stay the second suit, dismiss it without prejudice, enjoin the parties from proceeding with it, or consolidate the two actions." Sensormatic Security Corp. v. Sensormatic Electronics Corp., 329 F. Supp. 2d 574, 579 n.4 (D. Md. 2004). Therefore, in light of the consolidation of these cases, Defendant's Motion to Dismiss

8

[Document #10 in 1:05CV1128] will be denied as moot.

III.     CONCLUSION

For the reasons discussed above, Defendant's pending Motions to Dismiss in Case Number 1:05CV462 [Document #11] will be granted in part and denied in part. Specifically, the Court will deny Defendant's Motion to Dismiss with respect to Plaintiff's claims brought pursuant to the North Carolina Wage and Hour Act, and those claims will go forward on the merits.  However, to the extent Plaintiff's Complaint in Case Number 1:05CV462 could be construed as raising a claim for "wrongful termination," the Court will grant Defendant's Motion to Dismiss as to that claim, since Plaintiff has not attempted to state a claim for wrongful termination as part of that lawsuit.  The Court further concludes that Defendant's Motion to Dismiss in Case Number 1:05CV1128 [Document #10] with respect to allegedly duplicative claims will be denied as moot given the Court's consolidation of these cases.  Having addressed the pending Motions to Dismiss, these consolidated cases will proceed with discovery on the claims alleged.

IT IS THEREFORE ORDERED that Defendant's Motion to Dismiss in Case Number 1:05CV462 [Document #11] with respect to Plaintiff's claims under the North Carolina Wage and Hour Act is DENIED, but Defendant's Motion to Dismiss [Document #11] with respect to any purported claims for "wrongful termination" in Case Number 1:05CV462 is GRANTED, and those claims are hereby DISMISSED.  IT IS FURTHER ORDERED that Defendant's Motion to Dismiss duplicative claims in Case Number 1:05CV1128 [Document #10] is DENIED

AS MOOT. FINALLY, IT IS ORDERED that discovery shall now proceed with respect to these consolidated cases.

This, the 14th day of November, 2006.

                                                             United States District Judge